PATRICK FLYNN AND MAURICE B. FLYNN, AS ADMINISTRATORS, ETC., OF JOHN H. FLYNN, DECEASED, RESPONDENTS, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, APPELLANT.

*Code, § 309 — only one extra allowance recoverable.*

Under section 309 of the Code the successful party can recover only one extra allowance, although the case may have been tried several times.

APPEAL from an order made at Special Term, denying a motion for a readjustment of costs.

This case was first tried in January, 1874, and a verdict rendered for the plaintiffs, and an extra allowance was made and the costs taxed.

This judgment was affirmed by the General Term but reversed in the Court of Appeals. It was tried a second time and a verdict rendered for the plaintiff, and a second extra allowance was made and the costs, including both extra allowances, were taxed by the clerk of Columbia county, under defendant's objections. The court below affirmed the clerk's taxation.

*Chas. B. Alexander*, for the appellant. It is not lawful that defendant should pay the costs of erroneous and reversed proceedings, that the judgment should be dead and the costs live. (*Patten* v. *Stitt*, 50 N. Y., 591; *Cochran* v. *Goldhert*, 42 N. Y. Superior Court, 214.) The order is in the teeth of the express provisions of the Code, limiting strictly the amount of allowance, and of the following authorities. (Code, § 307; *Hicks* v. *Waltermire*, 7 How. Pr., 370; *McQuade* v. *N. Y. and Erie R. R. Co.*, 11 id., 436.)

*Robert Payne*, for the respondents. A finally successful party is entitled to the costs of all prior proceedings in an action. (*Howell* v. *Van Siclen*, Ct. of Appeals, 4 Abb. [N. C.], 1 ; less fully reported 70 N. Y., 595; *Isaacs* v. *New York Plaster Works*, 4 Abb. [N. C.], 4; Code of Procedure, §§ 304, 305, 307; *Spring*

v. *Day*, 44 How., 390; *Hamilton* v. *Butler*, 30 id., 36; *Sturgis* v. *Spofford*, 58 N. Y., 103; *Von Kellar* v. *Schulting*, 45 How., 139; *Lumbard* v. *Syracuse, etc., R. R.*, 62 N. Y., 290; *Bathgate* v. *Haskins*, 63 id., 261.)

*Per Curiam :*

We think it is plain, from the language of section 309 of the Code, that the successful party can recover only one extra allowance, although the case may have been tried several times. Such was the view of the learned justice, whose order is appealed from ; but he felt bound to hold otherwise on the authority of *Howell* v. *Van Siclen* (4 Abb. [N. C.], 1). Aside from the extra allowance, the successful party is entitled to his costs for all the proceedings in the case, except such as, being discretionary, have not been given to him. The plaintiff in this case, therefore, is entitled to tax the costs of both trials — the costs at the General Term and the costs at the Court of Appeals.

Nothing is said in the points presented on either side as to the item of interest on verdict ; and we therefore pass that item.

The bill of costs must be modified, therefore, by striking out $257.55, being five per cent extra allowance on the first verdict ; and, as thus modified, affirmed. No costs of this appeal to either party.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Costs modified by striking out $257.55, being five per cent extra allowance on first verdict. No costs of appeal to either party.